J. S82021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN M. CICCHIELLO, | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SERVICE EMPLOYEE INTERNATIONAL | : | |
| UNION HEALTHCARE PENNSYLVANIA | : | |
| | : | No. 579 MDA 2016 |

Appeal from the Order Entered March 22, 2016
In the Court of Common Pleas of Northumberland County
Civil Division at No(s): 2015-1307

BEFORE: OTT, DUBOW, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 13, 2017**

Appellant, Joan M Chicchiello, appeals from the Order entered on March 22, 2016, in the Northumberland County Court of Common Pleas granting the Motion to Dismiss filed by Service Employee International Union Healthcare Pennsylvania ("SEIU" or "Appellee"), and dismissing Appellant's Complaint pursuant to Pa.R.C.P. No. 233.1.[1]  The trial court properly concluded that Appellant had alleged the same or related claims as those she raised in a prior action against the same or related defendants and that those claims have already been resolved pursuant to a court proceeding. Therefore, after careful review, we affirm.

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] Pa.R.C.P. No. 233.1 pertains to dismissal of a *pro se* litigant's repetitive litigation.

The facts as gleaned from the Certified Record are as follows. Appellant was a Pennsylvania Department of Corrections ("DOC") nurse at SCI-Muncy and SCI-Frackville. Appellant alleges that in January 2007, the DOC terminated her employment in retaliation for her serving as a representative of Appellee.

Following her termination, Appellant filed a grievance through Appellee. In October 2010, after several years of negotiations, Appellee's Member Resources Center Director Wilfredo Tellado resolved Appellant's grievance by entering into a settlement agreement with the DOC (the "First Settlement Agreement") on Appellant's behalf, through the DOC's representative Timothy A. Holmes.

Two months later, a new settlement agreement (the "Second Settlement Agreement") replaced the First Settlement Agreement. The Second Settlement Agreement added Appellant as a party and signatory, but left the substantive provisions of the First Agreement intact.

In February 2013, the DOC rescinded the Second Settlement Agreement, stating that it could not fulfill its essential terms.[2] The DOC thus

_____

[2] Specifically, the DOC noted that Paragraph 2 of the Second Settlement Agreement, "awarding Appellant whatever time was necessary for her to attain twenty-five years of service with the Commonwealth," was unenforceable because Pennsylvania law prohibits Commonwealth employees from receiving credit for service without making contributions to the State Employees' Retirement System. Given that requirement, Paragraph 2 was inconsistent with Paragraph 3 of the Second Settlement Agreement, affording Appellant "one year's salary at her last prevailing

offered Appellant a new settlement agreement (the "Third Settlement Agreement"). It appears, however, that Appellant refused to sign the Third Settlement Agreement.

In February 2015, the DOC and Appellee signed a new settlement agreement (the "Fourth Settlement Agreement"), which was substantially similar to the terms offered in the Third Settlement Agreement. Appellant did not sign the Fourth Settlement Agreement and disapproves of its terms. Accordingly, Appellant has yet to receive benefits from any of the settlement agreements.

Since the rescission of the Second Settlement Agreement in February 2013, Appellant has brought litigation against Appellee and other defendants in multiple forums challenging the DOC's actions and seeking to enforce what she considers to be the terms of the Second Settlement Agreement. Relevant for purposes of disposition of the instant appeal, on June 18, 2015,

---

wage," as one year's salary would only be a sufficient contribution to the State Employees' Retirement System to credit Appellant with fifteen years of service and neither party agreed to make contributions for the additional ten years of service.

This illegal provision appears to have been inserted under the mistaken belief that Appellant needed twenty-five years of service in order to qualify for medical benefits, when in actuality she only needed fifteen. The DOC thus offered Appellant a new settlement agreement in February of 2013 that would credit her with the time needed to accrue fifteen years of service (the "Third Settlement Agreement"). It appears that Appellant refused to sign the Third Settlement Agreement, which maintains that Appellant is entitled to one year's salary, and accordingly adjusts her credited years of service down to fifteen.

J.S82021/16

Appellant filed Civil Action No. 1:15-cv-01201 in the United States District Court for the Middle District of Pennsylvania. Then on August 31, 2015, Appellant filed Civil Action No. 1:15-cv-01682 in the United States District Court for the Middle District of Pennsylvania. Appellant filed both federal cases against Appellee and others, and alleged in her Complaints, among other things, that Appellee violated federal and state labor laws.

On July 14, 2015, Appellant filed a *pro se*[3] Complaint in the Northumberland County Court of Common Pleas against Appellee, Wilfredo Tellado, and Timothy A. Holmes. In this Complaint, Appellant alleged a violation of 42 U.S.C. § 1983 based on purported violations of the First Amendment, Fourteenth Amendment, and "all other Amendments," a violation of Pennsylvania's Whistleblower Act,[4] a violation of the Preamble to the Declaration of Independence based on a "disparity of treatment" relating to a purported "settlement agreement," and a conspiracy to violate "any and all fair Labor Practice Acts/Laws." ***See*** Complaint, 7/14/15, at 7-8 (unpaginated). Appellant filed Amended Complaints on August 14, 2015, September 4, 2015, January 19, 2016, and February 19, 2016. The details of the amendments are largely immaterial to disposition of this matter. Of note, however, is that in the Amended Complaint filed on January 19, 2016,

---

[3] Appellant proceeded *pro se* at all times until April 12, 2016, when she filed a counseled Notice of Appeal.

[4] ***See*** 42 Pa.C.S. § 1421 *et seq.*

Appellant asserted a claim for breach of duty of fair representation[5] essentially averring that Appellee had a duty of fair representation to Appellant which it breached when it failed to ensure that the settlement it negotiated with the DOC on Appellant's behalf was enforced. Amended Complaint, 1/19/16, at 3-4 (unpaginated).

On March 9, 2016, Appellee notified the trial court that on March 8, 2016, the U.S. District Court for the Middle District of Pennsylvania, at No. 1:15-cv-1682, granted Appellee's Motion to Dismiss Appellant's federal and state labor law claims, as well as her civil rights claims, with prejudice as barred by the doctrine of *res judicata*. Appellee asked the trial court to take judicial notice of the Order pursuant to Pa.R.E. 201.[6] Adopting the Report and Recommendation ("R&R") prepared by a U.S. Magistrate Judge, the District Court concluded that the claims Appellant raised in her Complaint were "virtually identical to claims arising from the same underlying events against [Appellee] in a concurrent action brought before [the court] on June 18, 2015, [*Cicchiello v. Wetzel*, No. 1:15-cv-01201 (M.D. Pa. filed June

---

[5] Appellant continued to assert this claim in her final Amended Complaint, titled "Complaint as Ordered," filed on February 19, 2016.

[6] Pa.R.E. 201 governs judicial notice of adjudicative facts. The rule states: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Pa.R.E. 201(b), (c).

18, 2015),] which was recently resolved on its merits [on February 2, 2016]." R&R, 2/5/16, at 7. The District Court concluded that the doctrine of *res judicata* applied to bar Appellant's action because: (1) the previous suit was subject to a final adjudication on the merits based on the statute of limitations; (2) there was complete identity of the parties sufficient to bar re-litigation of Appellant's claims; and (3) both suits asserted the same causes of action, namely, violations of federal and state labor laws and 42 U.S.C. § 1983 resulting from the rescission of the Second Settlement Agreement. *See* R&R, 2/15/16, at 8-9.

On March 15, 2016, Appellee filed a Motion to Dismiss Appellant's Complaint in the instant case pursuant to Pa.R.C.P. No. 233.1, and to deny Appellant leave to file any additional amendments to her Complaint. In the Motion, in addition to referencing the District Court Order dismissing Appellant's action at No. 1:15-cv-01682, Appellee argued that Appellant's February 19, 2016 Amended Complaint failed to cure the defects in her previous Complaints; rather, the amendment merely slightly altered the language of the averments and put forth the same conclusory arguments. *See* Mot. to Dismiss, 3/15/16, at ¶ 24. Appellee noted that Appellant had been "[d]isaffected by prior failures to litigate her spurious claims, she continues to file a series of duplicative lawsuits and numerous amended pleadings seeking relief for the same alleged injuries over and over again." *Id.*

On March 22, 2016, the trial court entered an Order granting Appellee's Motion to Dismiss. The court concluded that dismissal was required because Appellant was "alleging the same or related claims which [she] raised in a prior action against the same or related defendants and which claims have already been resolved pursuant to a court proceeding." Trial Ct. Order, 3/22/16 (citing Pa.R.C.P. No. 233.1(a)). The court noted that the pleadings in this matter "raise an identical claim against the identical defendant as are raised in the action filed in the United States District Court to *Cicchiello v. SEIU 1199P Union et al.*, 1:15-cv-1682 (M.D. Pa.), and that claim has been resolved by the Order entered by the District Court on March 8, 2016 dismissing the claim as barred by the statute of limitations." *Id.*

Appellant, proceeding with counsel for the first time, filed a Notice of Appeal on April 12, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the trial court abuse its discretion by misapplying the law when it dismissed Appellant's Complaint due to a finding that Appellant raised an identical claim against identical Appellees in an action in U.S. District Court[,] which was also dismissed?

Appellant's Brief at 4.

In support of this issue, Appellant claims that the trial court erred when it dismissed this case based on a finding that the claims she raised in

this case were identical to those she raised in her federal court Complaint at Case No. 1:15-cv-01682. *Id.* at 7. She notes: "[T]he [t]rial [c]ourt claims that Appellant specifically raised a claim of duty of fair representation owed by a labor union to its members in her Middle District Court Complaint. However, it appears that the [t]rial [c]ourt is referencing [in its March 22, 2016 Order dismissing this case] a different federal case at No. 1:15-cv-01201 in its Opinion [pursuant to Pa.R.A.P. 1925.]"[7] *Id.* Appellant denies that she raised a claim in the Complaint she filed at No. 1:15-cv-01682 premised on a breach of the duty of fair representation. Therefore, she claims that the court erred in dismissing her Complaint. *Id.*

Our review of the Order granting Appellee's Motion to Dismiss Appellant's claims pursuant to Pa.R.C.P. 233.1 requires us to interpret and

---

[7] Appellant's claim of error appears not so much to impugn the trial court's conclusion that her breach of the duty of fair representation claim had been previously litigated and resolved in the federal court, but rather that the trial court referenced different federal cases in its Order granting Appellee's Motion to Dismiss, and its Opinion pursuant to Pa.R.A.P. 1925.

In its Order dismissing this case, the trial court cites No. 1:15-cv-01682 as the basis for concluding that Appellant raised identical claims against identical defendants in that matter, which claims had been resolved. However, in its Rule 1925(a) Opinion, the trial court relies on the District Court's R&R in No. 1:15-cv-01201 in support of its Order granting the Motion to Dismiss. This may be a typographical error, but even if it is not, this reliance is of no moment because of the interrelatedness of the two federal cases. In the first, the U.S. District Court dismissed Appellant's claims arising from the duty of fair representation as barred by the statute of limitations. In the second, the district court found those same claims barred by *res judicata*. Thus, the trial court's ultimate determination—that the same or related claims were resolved in a prior proceeding—is correct.

apply a Pennsylvania Rule of Civil Procedure; therefore, we are presented with a question of law for which our standard of review is *de novo*, and our scope of review is plenary. **See Gray v. Buonopane**, 53 A.3d 829, 834 (Pa. Super. 2012).

Pennsylvania Rule of Civil Procedure No. 233.1 governs a defendant's motion to dismiss frivolous or repetitive claims brought by a *pro se* plaintiff. It provides, in relevant part, that, in an action filed by a *pro se* plaintiff, a defendant may file a Motion to Dismiss if, in its Complaint, "the *pro se* plaintiff is alleging the **same or related claims** which the *pro se* plaintiff raised in a prior action against the **same or related defendants**" and the claims have been resolved in a court proceeding. Pa.R.C.P. No. 233.1(a)(1)-(2) (emphasis added).

This Court, in **Gray**, **supra**, examined Rule 233.1, and concluded that by the Rule's use of the term "related," it eschewed the technical precision associated with the doctrines of *res judicata* or collateral estoppel." **Id.** at 836. The **Gray** Court found that Rule 233.1 imposes a far less exacting standard on a defendant who seeks relief; rather than mandate that the plaintiff's claims be identical, the Rule merely requires that they be related. **Id.**

Here, the trial court determined that, "[t]he pleadings in this matter raise an identical claim against the identical defendant as are [sic] raised in the action filed in the United States District Court [in] **Cicchiello v. SEIU**

***1199P Union et al.***, 1:15-cv-1682 (M.D. Pa), and that claim has been resolved by the Order entered by the District Court on March 8, 2016." Trial Ct. Order, 3/22/16. As an initial matter, we note that Appellant does not challenge the trial court's conclusion that, for purposes of Pa.R.C.P. No. 233.1, the defendants in her federal court actions and the instant case are "the same or related defendants[.]" Pa.R.C.P. 233.1(a)(1). Therefore, we confine our discussion to the nature of the claims raised by Appellant.

After carefully reviewing the Certified Record, including Appellant's federal Complaints, we agree with the trial court that the issues raised by Appellant in her state court Complaint were "the same or related claims [as those] raised in a prior action" and that "have already been resolved pursuant to [ ] a court proceeding." Pa.R.C.P. 233.1(a)(1)-(2). Furthermore, relying on the holding in ***Gray***, ***supra***, we reject the premise of Appellant's argument that she is entitled to relief because the claims she set forth in her Complaint in No. 1:15-cv-01682 are not identical to those in her Complaint in the instant matter. ***Gray*** clearly stands for the proposition that the entitlement to relief pursuant to Rule 233.1 is not limited to identical claims; rather, the Rule requires only that the claims are related.

In support of its dismissal Order, the trial court relied on the federal Magistrate Judge's findings, as affirmed by the U.S. District Court by its adoption of the R&R, that Appellant's claims included a "hybrid § 301 [of the Labor Management Relations Act of 1947, 29 U.S.C. § 1985]/fair

representation claim[.]" Trial Ct. Op., 5/16/16, at 2 (citing R&R of the U.S. District Court for the Middle District of Pennsylvania, No. 1:15-cv-01201, 1/5/16, at 11-12 (emphasis omitted)). By way of explanation, in its R&R, the federal court noted that where a "union representing an employee in the grievance/arbitration procedure acts in such a [way] . . . as to breach its duty of fair representation, the employee may bring suit against [ ] the union." R&R, 1/5/16, at 11-12. It further explained that in ***DelCostello v. Int'l Brotherhood of Teamsters***, 462 U.S. 151, 164 (1983), the U.S. Supreme Court found that causes of action arising in these circumstances are "hybrid" claims because a plaintiff has a claim against his employer pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 1985, and a cause of action against the union under the National Labor Relations Act arising from the union's alleged breach of its duty of fair representation. ***Id.*** at 12.

Next, the trial court concluded that in her state court Complaint, Appellant raised claims arising generally from a union's duty to its members in both her state federal court and state court actions, including a claim that Appellee breached its duty of fair representation to Appellant. Trial Ct. Op. at 2-3. Appellant does not argue in her brief that she did not raise a duty of fair representation claim in her state court Complaint, and, thus, she has conceded this point.

Our review further indicates that in her federal Complaint at No. 1:15-cv-01682, Appellant claimed at Count 1 that Appellee "[c]onspired against [Appellant] and conspired against any and all [F]air Labor Practice Acts/Laws." Appellant's Complaint in Case No. 1:15-cv-01682, 8/31/15, at ¶ 33. Although arguably stated more generally than the claim Appellant raised in Case No. 1:15-cv-01201, the claim in No. 1:15-cv-01682 was sufficiently similar and related to the claim she raised in Case No. 1:15-cv-01201 that the U.S. District Court dismissed it as barred by the doctrine of *res judicata*.

We agree with the trial court that the record shows that, contrary to Appellant's argument, she raised a claim of breach of the duty of fair representation owed by a labor union to its members in federal court. The mere fact that the trial court referenced Case No. 1:15-cv-1682 in its Order, and referenced the case at No. 1:15-cv-01201 in its Opinion, is not indicative of anything more than a typographical error. The U.S. District Court dismissed Appellant's Complaints in both of her federal cases. The resolution of those federal cases provided a proper basis to conclude that dismissal of Appellant's state court action was appropriate as having been brought by a "*pro se* plaintiff [] alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants," and already resolved in a court proceeding. **See** Pa.R.C.P. No. 233.1(a)(1)-(2).

Because the parties and claims in the federal court actions and in the present action were sufficiently related to inform the trial court that Appellant's duty of fair representation claim had been considered and resolved, Appellant has failed to establish that the trial court erred as a matter of law by dismissing her Complaint pursuant to Pa.R.C.P. No. 233.1. Accordingly, we conclude that Appellant's issue on appeal lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017